The order below is hereby signed.

Signed: February 5 2021



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re )<br> )<br>PATRICIA WINIFRED PRUDHOMME )<br>DU HANCOURT, )<br> )<br> Debtor. )<br>_____ )<br> )<br>THE BOUVIER COLLECTION, LLC *et al.*, )<br> )<br> Plaintiffs, )<br> )<br> v. )<br> )<br>PATRICIA WINIFRED PRUDHOMME )<br>DU HANCOURT *et al.*, )<br> )<br> Defendants. ) | (Cases under Chapter 7)<br>Case No. 20-00041<br>and Case Nos. 20-00035<br>through 20-00040<br>(Jointly Administered<br>under Case No. 20-00041)<br><br><br><br>Adversary Proceeding<br>No. 19-10015<br><br>Not for Publication in<br>West's Bankruptcy Reporter |

**MEMORANDUM DECISION AND ORDER GRANTING EXTENSION OF TIME
TO FILE ANSWER AND DENYING MOTION FOR ENTRY OF DEFAULT**

On January 15, 2021, the Court issued a *Memorandum Decision and Order Granting Leave to File Amended Complaint* (ECF No. 66) (the "**Order**") which gave Plaintiffs leave to file their Amended Complaint and gave Defendants 14 days after entry of that order to file an Answer consistent with Fed. R. Civ. P. 15(a)(3), made applicable by Fed. R. Bankr. P. 7015. Defendants failed to file a timely Answer, resulting in multiple filings now before the Court.

On February 1, 2021, the first business day after the Answer was due, Plaintiffs filed a *Motion for Entry of Default* (ECF No. 68) (the "**Request for Default Entry**"), to which Defendant Prudhomme filed an *Opposition to Request for Entry of Default* (ECF No. 72) (the "**Opposition to Default Entry**") later the same day. Also on February 1, 2021, Defendant Prudhomme filed a *Motion for Leave to Answer Amended Complaint One Day Late* (ECF No. 70) (the "**Motion for Late Answer**"), accompanied by her prospective *Answer to Amended Complaint* (ECF No. 71) (the "**Answer**"). In light of the history of this case, and in order to facilitate the scheduling conference in this adversary proceeding set for February 11, 2021, the Court finds that cause exists to resolve these motions concurrently without awaiting a response to the Motion for Late Answer.

The Court will treat the Request for Default Entry as also a Motion for Default Judgment under LBR 7055-1. The Opposition to Default Entry and the Motion for Late Answer essentially seek the same result and state the same facts and argument: 1) excusable neglect exists so as to permit the Court to enlarge Defendant's time to file an Answer pursuant to Fed. R. Bankr. P. 9006(b)(1); and 2) good cause exists under Fed. R. Civ. P. 55(c), made applicable by Fed. R. Bankr. P. 7055 for the Court not to enter a default and to deny a default judgment. *See* ECF No. 70, at 3-4; ECF No. 72, at 3.

Relevant factors guiding the Court's consideration under Rule 9006 are:

> (1) the danger of prejudice to creditors,
> (2) the length of the delay and its potential impact on judicial proceedings,
> (3) the reason for the delay, including whether it was within the reasonable control of the debtor, and
> (4) whether the debtor acted in good faith.

*In re McKinney*, 590 B.R. 165, 173 (Bankr. D.D.C. 2018) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Very similar factors for consideration under Rule 7055 and DCt.LCvR 7(g) are whether:

>   (1) the default was wilful;
>   (2) setting aside the default would prejudice the adversary; and
>   (3) a meritorious defense is presented.

*Cyril v. Neighborhood P'ship II Hous. Dev. Fund, Inc.*, 124 Fed. Appx. 26, 27 (2d Cir. 2005); *see also In re CRS Steam, Inc.*, 233 B.R. 901, 904-05 (B.A.P. 1st Cir. 1999) (disfavoring default judgments and favoring disposition on the merits).

Here, the failure to file a timely Answer was negligent; but there are no allegations or any indication it was intentional or that the delay was otherwise in bad faith. This case has a history of active participation by both parties. Permitting the Defendant to file her Answer one business day late causes no substantial prejudice to the Plaintiffs and it will not impact further judicial proceedings in this matter. At the same time, the Court notes, this delay and resulting filings have not had a favorable impact on judicial economy or served to minimize litigation costs to the parties. Finally, granting the requested relief will permit this adversary proceeding to be resolved on the merits.

While the Court will deny entry of default and grant the extension of time for the Defendant to file her Answer, the Court takes note of the prior instances of default, extensions, and aggressive filings in the case and expects a greater degree of attention and prudence as this case proceeds.

In light of the foregoing, it is ORDERED that:

1.  The Plaintiffs' *Motion for Entry of Default* (ECF No. 68) is DENIED. The Clerk is directed not to enter a default. The Court will not enter a default judgment.

2.  The Defendant's *Motion for Leave to Answer Amended Complaint One Day Late* (ECF No. 70) is GRANTED.

3.  The scheduling conference on February 11, 2021 will proceed on the Amended Complaint and Answer. The Parties should be prepared to set a scheduling order in this case at the

hearing, or may submit a proposed consent scheduling order prior thereto.

[Signed and dated above.]

Copies to: All counsel of record